UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | | |
|---|---|---|
| CHRISTOPHER MASSENA, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 7:20-087-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Christopher Massena is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Massena filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Massena's petition.

In 2016, a jury convicted Massena of distribution of a detectable amount of Fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). *See United States v. Christopher Massena*, No. 9:16-cr-80071-KAM (S.D. Fla. 2016). The trial court sentenced Massena to 360 months in prison. *Id.* at D. E. No. 67. Massena then appealed his conviction and sentence and argued, among other things, that (1) the Government was required to show he intended to cause the death of the

1

victim and the district court did not properly instruct the jury as to this element of intent, and (2) the Government did not present sufficient evidence to support his conviction. *See id.* at D. E. No. 98 at 2. The United States Court of Appeals for the Eleventh Circuit, however, rejected each of Massena's arguments and affirmed his conviction and sentence. *See id.* at 4-10. And while Massena subsequently filed a postconviction motion, the trial court denied that motion because Massena failed to articulate any cognizable claim for relief under 28 U.S.C. § 2255. *See Christopher Massena v. United States*, No. 9:19-cv-80674-KAM (S.D. Fla. 2019).

Massena has now filed a § 2241 petition with this Court. [D. E. No. 1]. In that petition, Massena argues that (1) "The jury was wrongly instructed" on the death-results enhancement in 21 U.S.C. §§ 841(b)(1)(C); and (2) "The evidence was insufficient to prove [his guilt] beyond a reasonable doubt." [D. E. No. 1 at 5]. Ultimately, Massena asks the Court to set aside the judgment in his criminal case and order his immediate release. [*Id.* at 8].

Massena's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying conviction. While a federal prisoner may challenge the legality of his conviction on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to

actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Massena cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show actual innocence by demonstrating:

> (1) The existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Massena has not made such a showing in this case. With respect to Massena's first argument, regarding the death-results enhancement in 21 U.S.C. §§ 841(b)(1)(C), he presumably is trying to rely on *Burrage v. United States*, 571 U.S. 204 (2014), where the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision

3

of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 571 U.S. at 218-19. While the Sixth Circuit has said that *Burrage* is a new and retroactive interpretation of 21 U.S.C. § 841(b)(1), *see Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018), *Burrage* was decided in 2014, well before Massena was even indicted in federal court. Thus, Massena had a meaningful time to incorporate this new interpretation into his direct appeals and subsequent motions. In other words, Massena has not shown his actual innocence in the manner contemplated by *Wooten*. And while Massena also argues that the evidence at his trial was insufficient to establish his guilt, he does not base this argument on any intervening change in statutory law. Thus, this argument is also not proper in a § 2241 petition.

Accordingly, it is **ORDERED** that:

1. Massena's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. All pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 30th day of June, 2020.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**